(70 Misc. Rep. 490.)

### SEASONGOOD et al. v. PRAGER.

(Supreme Court, Appellate Term. January 12, 1911.)

1. JUDGMENT (§ 653*)—RES JUDICATA—MATTERS CONCLUDED.

    The question of an attorney's misconduct, litigated. between attorney and client on motion of the client for the substitution of attorneys and to vacate the lien of the attorney, is res judicata in a subsequent action by the attorney for services rendered.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1160; Dec. Dig. § 653.*]

2. ATTORNEY AND CLIENT (§ 149*)—EMPLOYMENT OF ATTORNEY—COMPENSA-
TION.

    Where a recovery in an action in which a party had employed an attorney on a contingent fee was prevented by the party's absence from the trial, the attorney could recover on a quantum meruit for the services rendered.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 351–357; Dec. Dig. § 149.*]

Appeal from City Court of New York, Special Term.

Action by Clifford Seasongood and another, doing business under the firm name of Seasongood & Edwards, against Henry L. Prager. From an interlocutory judgment of the City Court of the City of New York, overruling a demurrer interposed by plaintiffs to a defense and a counterclaim, they appeal. Reversed on reargument.

Argued before SEABURY, GUY, and BIJUR, JJ.

Franklin H. Mills, for appellants.

Joseph L. Prager, for respondent.

BIJUR, J. The action was brought for the reasonable value of certain legal services rendered by plaintiffs to defendant. Plaintiffs had made an agreement with defendant for a contingent fee, consisting of a certain percentage of the recovery sought in an action against a third party. When this action came to trial, plaintiffs were instructed by defendant not to proceed with the trial, except with the co-operation of one Palmer, another attorney. Palmer was not present at the trial, and the defendant also absented himself, on the advice of some one whom he does not name. The plaintiffs were, therefore, unable to prevent what the answer in the present case terms a default. Subsequently the defendant moved for a substitution of attorneys and for the vacation of plaintiffs' lien on his cause of action. The motion was denied.

The question of the plaintiffs' alleged misconduct in refusing to go on with the case, as pleaded in the defense and in the counterclaim, is shown in the pleading itself to have been necessarily litigated and decided in plaintiffs' favor on the motion for a substitution of attorneys and to vacate plaintiffs' lien. That matter, therefore, is res judicata.

It appears affirmatively by defendant's pleadings that a recovery in the other action, on which plaintiffs' fee was contingent, was prevented by defendant's absence from the trial. Plaintiffs are there-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fore entitled to recover in this action on a quantum meruit. Defendant's own allegation that he instructed plaintiffs not to proceed with the trial without the co-operation of Palmer is a further violation of the agreement for the retention of plaintiffs' services and for the contingent fee therefor provided.

Apart from these circumstances, it appears that the entire defense and counterclaim are insufficient on the face thereof. While the pleadings charge misconduct in terms against the plaintiffs, the facts set forth in the pleadings themselves disprove the assertion. Plaintiffs do not claim that the value of their services is res judicata, but expressly admit that under the general denial in the answer this question can be litigated on the trial.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to amend within six days, upon payment of costs in this court and in the court below. All concur.